UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STAS,

        Plaintiff,

   v.                                          Case No. 2:25-cv-862-KCD-DNF

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER**

Plaintiff Michael Stas sues the Commissioner of Social Security under the Administrative Procedures Act. (Doc. 1.)[1] According to the complaint, Plaintiff's benefits were suspended in 2022, and he was given a "Whereabouts Unknown" status code. (*Id.* at 1) Plaintiff has since "re-established contact with the agency," but the "WU code remains on [his] record, contrary to agency procedures and statutory duty." (*Id.*)

Now before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3.) He seeks an order directing the Commissioner to remove "the inaccurate Whereabouts Uknown (WU) status code from [his] Master Beneficiary Record." (*Id.* at 1.) And once the code is

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

updated, he wants the Commissioner to "make the correction as of the date Plaintiff re-established contact." (*Id.*)

To obtain a temporary restraining order or preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Plaintiff has failed to demonstrate irreparable injury. He claims to suffer ongoing stress and sleep disruption "each day the WU code remains." (Doc. 3 at 2.) He also cites "compounding instability tied to this miscoding." (*Id.*) These general allegations are not enough to trigger injunctive relief. *See, e.g.*, *Abdullah v. PennyMac Loan Servs., LLC*, No. 1:24-CV-05769-SDG, 2025 WL 411677, at *1 (N.D. Ga. Jan. 16, 2025). Temporary restraining orders are also meant to "preserv[e] the status quo rather than grant[ ] most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 430 (11th Cir. 1983). The preliminary relief Plaintiff seeks here

is identical to what is demanded in the complaint. *See, e.g.*, *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1558 (11th Cir. 1987) (observing that a temporary restraining order decides no substantive issue but merely preserves status quo).

For these reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 30, 2025.

Kyle C. Dudek
United States District Judge