UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STAS,

      Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

Case No. 2:25-cv-862-KCD-KRH

## <u>ORDER</u>

Plaintiff Michael Stas sues the Social Security Administration ("SSA") for refusing to correct an alleged error in his records. (Doc. 1.) The Commissioner now moves to dismiss the complaint (Doc. 17), and Stas has responded (Doc. 22, Doc. 23).[1] For the reasons below, the Court **GRANTS** the Commissioner's motion and **DISMISSES** Stas's complaint without prejudice.

## I. Background

Stas received Social Security disability benefits for over a decade. (Doc. 16 ¶¶ 8-9.) But somewhere along the line, the Social Security Administration lost track of him. The agency responded by suspending his benefits and stamping his file with a "Whereabouts Unknown" status code. (*Id.* ¶ 9.) Stas eventually got back in touch and provided his current address. (*Id.* ¶ 12.) The

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

agency, however, refused to wipe the "Whereabouts Unknown" code from his record, leaving his benefits frozen in place. (*Id.* ¶¶ 13, 19.)

Stas first came to federal court seeking an order to restore his benefits. *See Stas v. Comm'r of Soc. Sec.*, No. 2:25-CV-660-SPC-KCD, 2025 WL 2652865, at *1 (M.D. Fla. Sept. 16, 2025). That effort got nowhere. The court dismissed the case, concluding it lacked subject-matter jurisdiction to hear the dispute. *Id.* at *2-3.

Stas now takes another stab at it. Only this time, he does not want an order restoring his benefits. Nor is he interested in damages. Instead, he wants the "Whereabouts Unknown" label scrubbed from his file, along with a declaratory judgment that the agency maintained this record illegally. (Doc. 16 at 5.) To get there, he relies on the Privacy Act, the Administrative Procedure Act, and the Mandamus Act. (*Id.* ¶¶ 22-38.) The Commissioner pushes back on all fronts, arguing that Stas's new complaint is barred by res judicata and otherwise fails to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 17.)

## II. Legal Standard

"To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.*" Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Discussion

While Stas's case is not barred by res judicata, the claims still fail as a matter of law. He seeks injunctive and declaratory relief under a subsection of the Privacy Act that only allows for damages. His APA and Mandamus Act claims fall short because other adequate relief exists. And his declaratory judgment request collapses since it has no viable claim to lean on. The Court addresses the Commissioner's res judicata argument first before tackling the underlying claims.

#### a. Res Judicata

"Res judicata prevents plaintiffs from bringing claims related to prior decisions when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1357 (11th Cir. 2025). The critical piece here is that the first court must have actually decided the substance of the dispute. When a court dismisses a case for lack of subject-matter jurisdiction, it is doing the exact

opposite—it is announcing that it lacks the power to decide the merits at all. *Schafler v. Indian Spring Maint. Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005). Tack on the words "without prejudice," and the message becomes unmistakable: the court has not touched the merits, leaving the plaintiff free to come back and try again. *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1299–1300 (11th Cir. 2021).

That is exactly what happened here. In Stas's first lawsuit, the court dismissed the case without prejudice because it lacked subject-matter jurisdiction. *Stas*, 2025 WL 2652865, at *2-3. It is abundantly clear that no merits determination was ever made. *Id.*; *see also In re Just. Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990). That leaves res judicata inapplicable. And the Commissioner cannot use Stas's prior case as a shield to block his claims today. *See Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1195 (11th Cir. 2012); *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).

### b. The Privacy Act Claim

The Privacy Act gives federal agencies "detailed instructions for managing their records." *Doe v. Chao*, 540 U.S. 614, 618 (2004). The statute allows individuals to bring civil actions against federal agencies when they refuse to correct inaccurate information in their records. *See Hankerson v. United States*, 594 F. App'x 608, 609 (11th Cir. 2015). But here is the rub: the remedies a plaintiff can actually secure depend entirely on which specific

4

subsection of the Act they invoke. *See, e.g.*, *Doe v. Chao*, 435 F.3d 492, 505 (4th Cir. 2006); *Scott v. Conley*, 937 F.Supp.2d 60, 79 (D.D.C. 2013); *Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, 777 F. Supp. 3d 253, 272 (S.D.N.Y. 2025).

Stas sues under 5 U.S.C. § 522a(g)(1)(c), seeking an injunction that directs the Commissioner to correct the "Whereabouts Unknown" designation in his record. But the Court's hands are tied. The subsection Stas relies on authorizes courts to award monetary damages, and nothing else. *See* 5 U.S.C. § 552a(g)(4); *Dick v. Holder*, 67 F. Supp. 3d 167, 175 (D.D.C. 2014). Injunctive relief is simply unavailable under § 522a(g)(1)(C). *See Dick*, 67 F. Supp. at 187; *Rtskhiladze v. Mueller*, 784 F. Supp. 3d 256, 271 (D.D.C. 2025); *Kursar v. Transp. Sec. Admin.*, 581 F. Supp. 2d 7, 19-20 (D.D.C. 2008) (dismissing § 522a(g)(1)(C) claim because it sought an unavailable injunction rather than damages). In short, Stas has paired his Privacy Act claim with a remedy the statute refuses to provide.

To get the injunction he wants, Stas must follow a very specific path under the Privacy Act. That means moving his claim to § 552a(g)(1)(A). But that section comes with a strictly enforced prerequisite: he must exhaust his administrative remedies first. *See McCready v. Nicholson*, 465 F.3d 1, 14 (D.C. Cir. 2006) ("[A]n individual must exhaust administrative remedies before seeking relief under subsection (g)(1)(A)."); *see also Mannon v. VAMC Ann*

5

*Arbor*, No. 23-CV-12612, 2025 WL 793021, at *2 (E.D. Mich. Mar. 12, 2025); *Smith v. Cont'l Assur. Co.*, No. 91 C 0963, 1991 WL 164348, at *2 (N.D. Ill. Aug. 22, 1991). There is no indication that Stas exhausted his administrative remedies. So this Court is powerless to award the relief he is looking for, and his Privacy Act claim fails as a matter of law.

### c. The APA and Mandamus Act Claims

Stas has a backup plan. He insists he is entitled to relief under the APA. And if that fails, he wants the Court to issue a writ of mandamus compelling the Commissioner to amend his record. Neither tactic works.

The APA allows courts to compel agency action "unlawfully withheld." 5 U.S.C. § 706(1). The Mandamus Act similarly allows courts to "compel an officer or employee" of any federal agency "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But only when "no other adequate remedy is available" do these statutes come into play. *Stone v. Comm'r of Internal Revenue*, 86 F.4th 1320, 1327 (11th Cir. 2023); *see also Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1037 (11th Cir. 2021) ("[M]andamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief[.]").

As noted, the Privacy Act gives Stas a suitable solution. He just needs to do his part to unlock it. He must exhaust the administrative process outlined in the statute. *See Dickson v. Off. of Pers. Mgmt.*, 828 F.2d 32, 40 (D.C. Cir.

1987); *Kursar*, 581 F. Supp. 2d at 18; *Quinn v. Stone*, 978 F.2d 126, 137-38 (3d Cir. 1992). He can then sue under § 522a(g)(1)(A) to have his record amended. *See McCready v. Nicholson*, 465 F.3d 1, 14 (D.C. Cir. 2006) ("[A]n individual must exhaust administrative remedies before seeking relief under subsection (g)(1)(A)."); *N'Jai v. Soc. Sec. Admin. Comm'r*, No. CV 18-1616, 2019 WL 652842, at *4 (W.D. Pa. Feb. 15, 2019).

Just because Stas's Privacy Act claim falls short does not mean the APA or Mandamus automatically step in to save the day. It doesn't work that way. Both statutes are remedies of last resort; they are off the table if another adequate path to relief exists. *Rosales v. Wormuth*, No. 1:23-CV-00440-DAE, 2024 WL 5703320, at *7 (W.D. Tex. May 23, 2024); *see also Graham v. Hawk*, 857 F. Supp. 38, 41 (W.D. Tenn. 1994) ("[T]he existence of remedies under the Privacy Act preclude plaintiff's entitlement to mandamus, even though his claim under that act is substantively meritless."). The Privacy Act provides exactly that kind of path—and its mere existence blocks a plaintiff from seeking mandamus, even if his specific claim is currently a non-starter. Because Stas still has a theoretical shot at Privacy Act relief (once he exhausts his remedies), he cannot use the APA or Mandamus as a fallback. So these claims must also be dismissed. *See Hankerson v. United States*, 594 F. App'x 608, 609 (11th Cir. 2015); *Morrison v. Blinken*, No. 1:23-CV-00477-SDG, 2023 WL 4535859, at *2 (N.D. Ga. July 13, 2023); *Wilson v. McHugh*, 842 F. Supp.

2d 310, 320 (D.D.C. 2012); *De La Cruz-Jimenez v. Holt*, 262 F. App'x 371, 373 (3d Cir. 2008) (finding mandamus relief inappropriate where plaintiff had available remedy under the Privacy Act).

### d. Declaratory Relief

Finally, we have Stas's request for a declaratory judgment. Declaratory relief is a remedy, not a stand-alone claim. *See, e.g.*, *Burke v. Johnson*, No. 6:16-cv-199-Orl-41TBS, 2016 WL 9503732, at *3 (M.D. Fla. June 27, 2016); *Tuuci Worldwide, LLC v. Outer, Inc.*, No. 24-CV-24382, 2026 WL 145455, at *2 (S.D. Fla. Jan. 20, 2026). This remedy "depends on an underlying substantive cause of action." *Eveillard v. Nationstar Mortg. LLC*, 2015 WL 127893, at *9 (S.D Fla. Jan. 8, 2015). Since Stas's substantive claims have all been dismissed, his request for declaratory relief necessarily fails. *See Dempsey v. Brevard Cnty., Fla.*, No. 6:21-CV-1763-PGB-LHP, 2023 WL 7926883, at *9 (M.D. Fla. Mar. 14, 2023); *Arencibia v. AGA Serv. Co.*, 533 F. Supp. 3d 1180, 1195 (S.D. Fla. 2021).

### IV. Conclusion

Each of Stas's claims fails as a matter of law. His Privacy Act claim is fundamentally mismatched, seeking relief that the specific subsection he chose does not provide. His APA and Mandamus Act claims likewise flop because those statutes are off-limits when a plaintiff still has another adequate path to relief. And with the substantive claims gone, his request for declaratory relief has no hook left to hang on. Accordingly, the Commissioner's Motion to Dismiss

(Doc. 17) is **GRANTED**. The operative complaint (Doc. 16) is **DISMISSED without prejudice** to Stas filing an Amended Complaint within **Fourteen (14) days of this Order**.

ORDERED in Fort Myers, Florida on May 12, 2026.

Kyle C. Dudek
United States District Judge