**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MICHAEL STAS,

Plaintiff,

v. Case No. 2:25-cv-862-KCD-KRH

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

___________________________/

**ORDER**

This matter is before the Court on pro se Plaintiff Michael Stas's Motion to Enforce the July 8, 2026 Case Management Deadline and for Entry of a Scheduling Order on the Papers (Doc. 48). The Motion is granted and denied in part.

Stas brings this action against the Social Security Administration ("SSA"), alleging (among other things) that SSA violated the Privacy Act by maintaining an inaccurate "Whereabouts Unknown" status code on his disability benefits record. (Doc. 1). Stas filed an amended complaint to correct the caption, substitute the proper Defendant, and clarify the statutory basis. (Docs. 14; 15; 16). Defendant moved to dismiss—which the Court granted with leave to amend. (Doc. 32). Stas complied, and Defendant moved to dismiss the operative pleading (Docs. 33; 41).

During this time, the Court set a Rule 16(b) conference for June 24. (Doc. 36). The parties, however, failed to file their joint case management report

("CMR") by the deadline. So the Court continued the hearing to July 8, directing the parties to file a CMR by June 30. (Doc. 40). The parties again failed to comply, so the Court canceled the conference and directed the parties to file their CMR by July 8. (Doc. 42).

On July 2, Stas filed a unilateral CMR. (Doc. 47). He explains that a joint CMR was not filed because Defendant has not responded. The record supports this—Stas filed a notice evidencing his attempts to confer, attaching emails sent to Defendant's counsel on four separate occasions requesting conferral on the proposed deadlines required by the case management report. (Doc. 47-1). Stas now asks the Court to (1) order Defendant to file a separate CMR, (2) decide case management without resetting a hearing, (3) proceed on the deadlines proposed in Stas's CMR, and (4) enter a schedule based on those dates.

It seems that Stas has been diligent in his attempts to move this case towards a schedule; but the record confusingly doesn't reflect the same on Defendant's part. So the Court orders Defendant to show cause why he should not be sanctioned for noncompliance. Alternatively, Defendant may discharge this show cause order by filing a unilateral CMR on or before July 29.

**ORDERED:**

1. Plaintiff's Motion to Enforce the July 8, 2026 Case Management Deadline and for Entry of a Scheduling Order on the Papers (Doc. 48) is **GRANTED and DENIED IN PART**.

2. Defendant must file a unilateral CMR or show cause why it should not be sanctioned for noncompliance **on or before July 29, 2026**.

3. In all other respects, the Motion is **denied without prejudice**.

4. The Clerk is **DIRECTED** to mail a physical copy of this Order to Defendant's lead attorney, John F. Rudy, III, at the address listed on the docket.

In Fort Myers, Florida on July 22nd, 2026.

Kevin R. Huguelet
United States Magistrate Judge