UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STAS,

Plaintiff,

Case No. 2:25-cv-862-KCD-KRH

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant,
_______________________________/

**ORDER**

Plaintiff Michael Stas sues the Social Security Administration under the Privacy Act, 5 U.S.C. § 552a. (Doc. 33.)[1] He seeks "amendment of an inaccurate Social Security Administration record that continue[s] to reflect . . . a 'Whereabouts Uknown' designation [even] after Plaintiff re-established contact with the SSA." (*Id.* at 1.) The Government moves to dismiss the complaint (Doc. 41), and Plaintiff has responded (Doc. 44).

The Privacy Act "gives agencies detailed instructions for managing their records[.]" *Doe v. Chao*, 540 U.S. 614, 618 (2004). Among other things, it imposes on agencies an obligation to allow a person "to gain access to his record or to any information pertaining to him" upon request. 5 U.S.C. §

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

552a(d)(1). It also allows an individual to request the amendment of a record. 5 U.S.C. § 552a(d)(2).

To back up those rules, the Privacy Act creates a civil action for four categories of agency failures. *Doe*, 540 U.S. at 618; *see* 5 U.S.C. § 552a(g)(1)(A)-(D). Pertinent here, if an agency refuses to amend an individual's record in accordance with his request, he may bring a civil suit in federal court. 5 U.S.C. § 552a(g)(1)(A). In that scenario, the court takes a fresh look at the problem—determining the matter de novo—and can order the agency to amend the record as requested. *Doe*, 540 U.S. at 619.

But a claimant cannot skip straight to the courthouse. "A Privacy Act plaintiff . . . must exhaust his or her administrative remedies prior to bringing an amendment suit." *Hill v. U.S. Air Force*, 795 F.2d 1067, 1069 (D.C. Cir. 1986). "Thus[,] a party challenging the accuracy of an agency's records must first present the claim to the agency and allow the agency to consider whether the records should be amended." *Id.*; *see also Thompson v. Dep't of the Navy*, No. 08-80312-CIV, 2008 WL 11410008, at *3 (S.D. Fla. May 28, 2008) ("As Plaintiff has not exhausted his administrative remedies this Court lacks subject matter jurisdiction over the merits of Plaintiff's FOIA and Privacy Act claims.").

For Social Security Administration records, the agency's regulations lay out the path a claimant must follow. If the agency refuses to correct a record,

as alleged here, the individual must send a formal appeal to Executive Director. *See* 20 C.F.R. § 401.70(c). Once the Executive Director reviews the appeal and issues a decision, the agency's internal process is complete. At that point, the claim is fully exhausted. *See, e.g.*, *Williams v. Dep't of Veterans Affs.*, 510 F. Supp. 2d 912, 922 (M.D. Fla. 2007).

Stas's complaint runs afoul of this requirement. Nowhere does he allege that he filed the mandatory appeal with the Executive Director. And when presented with the Government's evidence that no such appeal was taken, Stas does not dispute the point. Instead, he seemingly asks the Court to accept a theory of functional exhaustion. He contends that through his calls, certified letters, and visits to local Social Security office, the agency received actual notice and should have corrected the record anyway. (Doc. 33 at 5-6.) But that is not enough when a statute and its accompanying regulations demand a specific administrative procedure.

Stas also tries to excuse his procedural shortcoming by arguing that the formal amendment process was effectively unavailable. (Doc. 44 at 6-9.) Although not entirely clear, he seems to claim that because he did not know the agency's internal jargon, he could not navigate the precise requirements of a Privacy Act request or the appeal. The Court is not convinced. As his detailed complaint and briefing make clear, Stas eventually figured out exactly which records and "Whereabouts Unknown" coding defects he wanted

the agency to fix. If he possessed enough information to draft a federal lawsuit demanding the removal of those designations, he was perfectly capable of drafting an administrative appeal. Once Stas knew what he wanted amended, his next stop had to be the Executive Director, not this Court.

The Social Security regulations issue a clear mandate directing where a Privacy Act appeal must be sent. Because Stas chose to substitute his own ad hoc process for the one the law requires, he has failed to exhaust his administrative remedies, and this lawsuit must be dismissed. *See, e.g.*, *Alvin v. Hous. & Urb. Dev.*, No. 3:18-CV-826-J-34MCR, 2019 WL 691064, at *3 (M.D. Fla. Jan. 16, 2019) ("A federal court cannot exercise jurisdiction over the merits of a . . . Privacy Act claim unless the condition precedent of actual exhaustion of administrative remedies has been fulfilled."). The Government also raises a substantive defense, arguing that Stas is impermissibly using the Privacy Act to collaterally attack an agency determination. (Doc. 41 at 7.) Because Stas's failure to exhaust his administrative remedies resolves the matter on threshold jurisdictional grounds, the Court goes no further and declines to address the Government's remaining arguments. *See, e.g.*, *Potts v. Bell*, No. 2:13-CV-423-AKK, 2013 WL 3942711, at *3 (N.D. Ala. July 30, 2013).

Accordingly, is it now **ORDERED**:

1. The Government's Motion to Dismiss (Doc. 41) is **GRANTED** as set forth above. Stas's complaint is dismissed for failure to exhaust his administrative remedies.

2. The Clerk is directed to terminate all pending deadlines and close this case.

**ENTERED** in Fort Myers, Florida on August 31, 2026.

Kyle C. Dudek
United States District Judge